```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA
                       ALEXANDRIA DIVISION


UNITED STATES OF AMERICA,      )
                               )
          Respondent,          )
v.                             )    CRIMINAL ACTION NO. 02-135
                               )
WALTER DOUGLAS BROOKS, III,    )
                               )
          Petitioner.          )
```

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Mr. Brooks's Petition for Relief from Judgment Pursuant to Rule 60(b).  This case concerns Petitioner's dissatisfaction with his previous habeas corpus proceeding.  The issue before the Court is whether Petitioner has demonstrated that extraordinary circumstances merit relief under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").  The Court denies Petitioner's Motion for Relief from Judgment because this Motion is a disguised successive petition and does not involve extraordinary circumstances as required for relief under Rule 60(b).

**I. BACKGROUND**

On June 3, 2002, Petitioner Walter Douglas Brooks, III, ("Petitioner," "Mr. Brooks") plead guilty to two counts before this Court: distribution of fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base; and, unlawful possession of a firearm by a convicted felon.  On July 16, 2002, Petitioner, *pro se*, filed a Motion to Withdraw the Guilty Plea.  This Court denied the motion and on September 13,

2002, Petitioner was sentenced to two concurrent terms of 190 months and 120 months.

On May 13, 2003, Petitioner filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255 asserting ineffective assistance of counsel. On August 26, 2003, this Court denied the motion. On September 2, 2003, Petitioner filed an Amended Motion to Vacate pursuant to 28 U.S.C. § 2255 asserting ineffective assistance of counsel and government misconduct. On September 16, 2003, Petitioner filed a Notice of Appeal of Order Dated August 26, 2003, Denying § 2255 Motion.

On October 15, 2003, this Court entered an Order granting Mr. Brooks's motion to amend to assert his claim of government misconduct. On November 18, 2003, Mr. Brooks filed an Amended Motion to Vacate pursuant to § 2255 per court order.

On May 11, 2004, the U.S. Court of Appeals for the Fourth Circuit denied Petitioner's motion for a Certificate of Appealability and dismissed the appeal.

On June 20, 2005, Petitioner filed this Motion for Relief from Judgment Pursuant to Rule 60(b). Mr. Brooks alleges that this Court "abused its authority and discretion" by denying his Amended Motion to Vacate, Set Aside, or Correct the Sentence on June 18, 2004. Pet. for Relief from J. at 4. Petitioner argues that the existing record clearly supports his contentions and that this Court "refused, or failed, to review and consider [the] merits" of his habeas petition. *Id.* at 8. Petitioner moves for

2

relief under Rule 60(b) to correct the "injustice" imposed by the denial of his habeas petition.  *Id.* at 1.

## II. DISCUSSION

### A. Standard of Review

Rule 60(b) gives federal courts the power to "vacate judgments whenever such action is appropriate to accomplish justice."  *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949); FED. R. CIV. P. 60(b).  The remedy provided by Rule 60(b), however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances.  *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979).  When determining whether to exercise the Rule 60(b) power, courts must delicately balance "the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts."  *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).

### B. Analysis

The Court denies Mr. Brooks's Petition for Relief from Judgment Pursuant to Rule 60(b) because this Motion is simply a disguised successive petition asking the Court to reconsider the denial of his habeas petition.  When Rule 60(b) petitions concern habeas proceedings, courts must "determine whether such motions are tantamount to successive applications."  *United States v. Winestock,* 340 F.3d 200, 207 (4th Cir. 2003).  Here, Petitioner

3

is careful to emphasize that he is only challenging the integrity of the habeas proceeding, not the underlying conviction.  Pet. for Relief from J. at 8.  Mr. Brooks alleges that this Court "refused, or failed, to review and consider [the] merits" of his Amended Motion to Vacate, Set Aside, or Correct his sentence.  *Id.*  Petitioner claims that the Court's failure to consider the merits of his motion constitute "extraordinary circumstances" which merit relief under Rule 60(b).  *Id.* at 10-11.  This petition is, in essence, a successive petition asking the Court to reconsider the denial of his petition for writ of habeas corpus.  Although Mr. Brooks may be dissatisfied with the result, this Court carefully considered the merits and denied his motion for the reasons stated in the Order dated June 18, 2004.  Therefore, this case does not involve extraordinary circumstances that merit relief under Rule 60(b).

### III. CONCLUSION

The Court denies Mr. Brooks's Petition for Relief from Judgment Pursuant to Rule 60(b) because this case does not involve extraordinary circumstances as required by Federal Rule of Civil Procedure 60(b).

For the foregoing reasons, it is hereby

ORDERED that Petitioner Walter Douglas Brooks' Motion for Relief from Judgment Pursuant to Rule 60(b) is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this __22th____ day of July, 2005.

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
07/  /05

5